IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANNA RALEY, § | |
| § | |
| *Plaintiff,* § | |
| § | Civ. No. 1:23-cv-1245 |
| V. § | |
| § | JURY DEMANDED |
| HELDENFELS ENTERPRISES, INC. & FRED § | |
| W. HELDENFELS IV, § | |
| § | |
| *Defendants.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Janna Raley ("Raley" or "Plaintiff") files this Original Complaint against Defendants Heldenfels Enterprises, Inc. ("HEI") and Fred W. Heldenfels IV ("Fred Heldenfels") (collectively, "Defendants"), and would show as follows:

## PRELIMINARY STATEMENT

1. Janna Raley is a Certified Public Accountant with over thirty years of experience working in the construction industry and over twenty years of experience working as a controller.

2. HEI's controller in 2018 was a man earning $135,000. After he resigned without notice, HEI offered the position to another man for $130,000, who declined the job. Despite Raley's impeccable credentials and experience, HEI offered her $87,500 per year in January 2019. Raley accepted the offer contingent on Fred Heldenfel's assurance that her salary would go to the market rate of $130,000 in 2020. However, despite Raley's expressed concern in 2020 that HEI and Fred Heldenfels were underpaying her because she is a woman, Raley received only a small raise to $90,000 in 2020. By the end of her employment in 2022, her salary was only $100,000 per year.

3. By paying Raley tens of thousands of dollars less than her male predecessors for years, despite her complaints of sex discrimination, Defendants have violated the Equal Pay Act and Title VII of the Civil Rights Act, as amended.

## PARTIES

4. Plaintiff Janna Raley is female and brings this action individually.

5. Defendant Heldenfels Enterprises, Inc. is a Texas corporation that can be served through its registered agent for service of process, Fred W. Heldenfels IV, at 5700 IH 35 S San Marcos, Texas 78666.

6. Defendant Fred W. Heldenfels IV is an individual who can be served at 5700 IH 35 S San Marcos, Texas 78666.

## JURISDICTION AND VENUE

7. The Equal Pay Act of 1963 states, "[n]o employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ." 29 U.S.C. § 206(d).

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

9.   Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the District.

## FLSA COVERAGE AND JOINT EMPLOYMENT STATUS

10.   HEI is a manufacturer of precast/prestressed concrete structures for the highway, industrial, commercial, and sports construction markets with plants in San Marcos.

11.   At all times hereinafter mentioned, Defendant HEI has been an employer and enterprise engaged in commerce within the meaning of the Equal Pay Act. Plaintiff was employed by HEI from 2019 to 2022.

12.   Defendant Fred Heldenfels is President and CEO of HEI. During Raley's employment, he served as her direct supervisor. In that role, he has the ability to hire and fire HEI employees (including Plaintiff); supervises and controls employees' work schedules and conditions of employment (including Plaintiff's); determines employee rate of pay and method of pay (including Plaintiff's); and maintains employment records (including Plaintiff's). Defendant Fred Heldenfels has therefore acted as a joint employer within the meaning of the Equal Pay Act at all times relevant to this lawsuit.

## FACTS

13.   Janna Raley Janna Raley is a Certified Public Accountant with over thirty years of experience working in the construction industry and over twenty years of experience working as a controller.

14.   HEI's controller in 2018 was a man earning $135,000, who was not a CPA. After he resigned without notice, HEI offered the position to another man for $130,000, who declined the job.

15. Raley applied for the position in late 2018 and was fully qualified for the position. Despite Raley's impeccable credentials and experience, HEI offered her $87,500 per year in January 2019. Raley accepted the offer contingent on Fred Heldenfel's assurance that her salary would go to the market rate of $130,000 in 2020.

16. During Raley's first year of employment, her job duties expanded dramatically. Although the stated job duties of the controller—and the job duties performed by the male controller who proceeded Raley—including only overseeing Receivables, Payables, Human Resources, Payroll, HEI also required Raley to managing Purchasing, assess a new accounting program, and upgrade the IT systems at HEI. In other words, not only did Raley perform all the same job duties as her male processor, but she also performed many additional job duties.

17. In March 2020, despite HEI's promise to increase her salary to market rate, Fred Heldenfels gave her only a small raise to $90,000. Raley told Fred Heldenfels that she felt she was being discriminated against as a women because she was paid considerably less to perform her job duties and because so many areas of responsibility had been added to her job. Raley told hm that a man would not stand for such treatment.

18. In October 2020, HEI increased Raley's salary to $100,000 after Raley successfully advocated for that modest increase. During that conversation, Raley told Fred Heldenfels that she was still paid less than her male predecessor while performing more work, and that she still expected to get to his former rate of pay soon.

19. Raley resigned from HEI in the Spring of 2022. Her last day of work was May 31, 2022.

20. Following Raley's resignation and during her transition period, HEI offered another man the controller position, earning $130,000 per year. He was not a CPA. He accepted the

position but only worked for one day before leaving. HEI then promoted a woman to perform essentially the same duties but with a lesser job title, earning only $80,000 per year.

21.   In its Position Statement submitted to the EEOC, HEI does not even attempt to justify this vast underpayment to its female controller by alleging Raley did not perform the job with equal skill, effort and responsibility, under similar working conditions, to her male counterparts.

22.   The only justification HEI provides is that Raley earned less in her job before HEI—without acknowledging that that position was parttime and flexible so Raley could care for her terminally ill husband, who has since passed away. Even if relying on Raley's prior salary was relevant, moreover, female applicants historically earn significantly less for the same job as male employees. HEI's admitted reliance on prior salary simply represents a structural practice that both perpetuates lower earnings for women and maintains the status quo of less diverse workforces.

## FIRST CAUSE OF ACTION
## 29 U.S.C. §206(d)(1) ("Equal Pay Act")
## Against All Defendants

23.   Plaintiff incorporates by reference all of the allegations made in the preceding paragraphs.

24.   Despite being similarly situated to her male predecessors and successors and performing the same job with equal skill, effort and responsibility, under similar working conditions, as they did, Plaintiff Janna Raley (who is female) is and has been compensated less than HEI's male controllers.

25.   As a result of Defendants' unlawful acts, Plaintiff has been deprived of equal wages in amounts to be determined at trial, and is entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to The Equal Pay Act.

26. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with The Equal Pay Act with respect to the compensation of Plaintiff.

27. Because Defendants' violations of the Equal Pay Act have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
## Sex Discrimination Under Title VII of the Civil Rights Act Against HEI

28. Plaintiff incorporates by reference all of the allegations made in the preceding paragraphs.

29. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namel,y she is female.

30. HEI is an employer within the meaning of Title VII.

31. HEI intentionally discriminated against Plaintiff because of her sex in violation of Title VII by paying her less than similarly situated male employees.

## ATTORNEYS FEES AND COSTS

32. Plaintiff is entitled to an award of attorney fees and costs under the equal Pay Act and Title VII of the Civil Rights Act.

## DAMAGES

33. As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries and damages and seeks the following:

    a. back pay;

b. actual damages for unpaid wages under Title VII and the Equal Pay Act;

c. liquidated damages for unpaid wages under the Equal Pay Act;

d. compensatory and punitive damages under Title VII;

e. reasonable attorney's fees under the Equal Pay Act and Title VII;

f. pre-judgment and post-judgment interest as provided by law;

g. all costs of court; and

h. any other relief to which Plaintiff may be entitled, whether in law or equity.

## JURY DEMAND

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues.

## PRAYER

35. For these reasons, Plaintiff asks for judgment against Defendants.

Respectfully submitted,

**THE MORALES FIRM, P.C.**
6243 Interstate 10 West, Suite 132
San Antonio, Texas 78201
Telephone: (210) 225-0811
Facsimile: (210) 225-0821

BY: /S/Allison S. Hartry
Allison S. Hartry
State Bar No. 24083149
Email: ahartry@themoralesfirm.com